7 F.3d 219
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Anthony DIPRIZIO, Defendant, Appellant.
 No. 93-1384.
 United States Court of Appeals,
First Circuit.
 September 27, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Annemarie Hassett on brief for appellant.
 A. John Pappalardo, United States Attorney, and Stephen A. Higginson, United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Anthony DiPrizio appeals his sentence of 24 months imprisonment for credit card fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1029(a)(2) & 2. We vacate the sentence of the district court and remand for resentencing.
 
 
 2
 On October 27, 1992, DiPrizio pled guilty, pursuant to a plea agreement, to one count of a three count indictment. He was sentenced on January 25, 1993. At that time, the court determined that the appropriate offense level was 10. The court also found that appellant's criminal history score was 13 and that he thus had a criminal history category of VI. The court sentenced DiPrizio at the low end of the 24-30 month sentencing range. Appellant contends that the court erred in its determination of the criminal history category because (1) it relied on a conviction too old to be counted in the criminal history score and (2) it improperly included an enhancement, pursuant to U.S.S.G. § 4A1.1(d), for appellant's having committed the instant offense while "a violation warrant from a prior sentence is outstanding." U.S.S.G. § 4A1.1, comment. (n.4) (Nov. 1992). The government, noting that the government, the Presentence Report, and the court, had inadvertently overlooked appellant's argument made in the district court, concedes that appellant is correct in his first contention and that the appropriate criminal history category is V.
 
 
 3
 In 1977 DiPrizio received a suspended sentence and two years probation for controlled substances offenses. Section 4A1.1(c) of the United States Sentencing Guidelines instructs that, where no sentence of imprisonment was imposed, the court is to add one point to the criminal history score for each prior sentence up to a total of four points. In the instant case, the court added one point to DiPrizio's criminal history score for this conviction. The commentary clearly states, however, that, under § 4A1.1(c), "[a] sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted." U.S.S.G. § 4A1.1, comment. (n.3). Since the instant offense commenced on August 22, 1991, more than ten years had passed since the 1977 sentence was imposed. It thus should not have been counted in determining DiPrizio's criminal history.
 
 
 4
 We do not reach appellant's contention that he is entitled to a further reduction in his criminal history score. Such a reduction would have no effect on his sentencing range. Given the one point reduction in his criminal history score due to the error in counting the 1977 conviction, appellant's criminal history score is twelve and his criminal history category is V. Even if the enhancement pursuant to § 4A1.1(d) were incorrect, appellant would be entitled only to a one point reduction in his criminal history score and thus his criminal history category would still be V.[1]
 
 
 5
 Appellant's sentence is vacated and the case is remanded for resentencing.
 
 
 
 [1]
 Appellant's criminal history score was increased two points pursuant to § 4A1.1(d). However, appellant concedes, that if the enhancement were found improper, the net effect would only be a one point reduction in criminal history score since the deduction of these two points would require a one point increase under § 4A1.1(e)